**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| RON MICHAEL WERTH, | No. 09-17281 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-02514-FVS |
| v. | |
| JAMES A. YATES, Warden, Warden of Pleasant Valley State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted September 12, 2012
San Francisco, California

Before: ALARCÓN, GRABER, and BERZON, Circuit Judges.

California state prisoner Michael Werth appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas petition seeking to vacate his convictions for

murder in the course of a burglary and attempted robbery, two counts of attempted

murder, and various firearm allegations, for which he was sentenced to life without

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

possibility of parole. We review the district court's decision de novo, *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012), and affirm.

**1.** Even if a Confrontation Clause violation occurred with regard to the introduction of statements made by Werth's non-testifying codefendant, David Trujillo, through the testimony of three witnesses at trial, the error in admitting the statements did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (internal quotation marks omitted); *see also Ocampo v. Vail*, 649 F.3d 1098, 1114 (9th Cir. 2011), *cert. denied*, 2012 WL 2470114 (U.S. June 29, 2012) (No. 11-614).

One of the challenged statements came in through the testimony of confessed accomplice, John Fjelstad, whose recorded police interrogation was played to the jury. In that interrogation, Fjelstad affirmed that he had read "part" of Trujillo's confession and that it "pretty much" accorded with his own account of the crime. The other two challenged statements were Trujillo's private admissions to his sister and girlfriend, to which the sister and girlfriend referred during their respective testimonies before Werth's jury.

*Delaware v. Van Arsdall* established the factors to be considered in determining whether a Confrontation Clause violation is prejudicial. 475 U.S. 673, 684 (1986). We consider those factors in turn.

First, the statements were not important to the prosecution's case, as evidenced by the lack of emphasis placed upon them in closing arguments. Because he was an accused accomplice, Trujillo's remarks added little corroborative weight to the testimony at trial of other witnesses, including accomplice Fjelstad. Also, Fjelstad's statement—the one as to which the respondent concedes a Confrontation Clause violation—was opaque at best. Fjelstad said only that part of Trujillo's confession was generally consistent with his own account of the crime. In referring to Trujillo's confession, Fjelstad did not mention Werth at all or state specifically that Trujillo's version of the crime was the same as his with regard to the number of participants or their respective roles. *Cf. Ocampo*, 649 F.3d at 1102–05, 1111–13 (finding a Confrontation Clause violation where in-court testimony described the critical content of out-of-court statements incriminating the defendant).

Second, Trujillo's out-of-court statements were cumulative of in-court testimony given by several witnesses, including Werth's girlfriend and cousin, and

Trujillo's girlfriend, all of whom testified that Werth admitted his involvement to them and all of whom were subject to cross-examination.

Third, the statements were also corroborated by circumstantial evidence tying Werth to the crime, including his possession of a gun matching the bullets found at the murder scene and his knowledge of the opportunity to steal marijuana from the house where the shootings occurred. Thus, the prosecution's overall case was very strong without Trujillo's statements.

**2.** Werth's second contention on habeas, that his attorney provided constitutionally ineffective assistance when he failed to present evidence of third-party culpability at trial, cannot surmount the double deference we must give under the Antiterrorism and Effective Death Penalty Act of 1996 to the state court's ruling on an ineffective assistance of counsel (IAC) claim. *See Harrington v. Richter*, 131 S. Ct. 770, 787–88 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). Werth's IAC claim was raised for the first time in his state habeas petition and was summarily rejected by the California Supreme Court. Because there was a reasonable basis for that rejection under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm the district court's denial of the writ. *See Richter*, 131 S. Ct. at 784.

Werth fails to show that his counsel's performance "fell below an objective standard of reasonableness," as he must to satisfy the first prong of *Strickland*, 466 U.S. at 687–88. He argues that his attorney should have more fully presented testimony from a prior trial that described statements made by then-defendant Anthony Salcedo about the murder for which Werth was tried. But Werth's counsel called to the stand both Salcedo and the witness who had testified about him at the previous trial and questioned them both regarding Salcedo's statements. It was not objectively unreasonable for Werth's counsel to forgo further exploration of this testimony, as Salcedo's remarks introduced during the earlier trial did not constitute a confession to the murder. Werth also contends that his attorney erred in omitting evidence of Salcedo's alleged involvement in another armed home burglary for the purpose of stealing marijuana. But the lawyer reasonably could have viewed such evidence as insufficiently probative of a distinctive modus operandi to implicate Salcedo in the present crime.

Furthermore, Werth has not shown a reasonable probability that, but for his counsel's failure to present additional evidence of Salcedo's culpability, the result of his trial would have been different. *Id.* at 694. In view of the consistent in-court testimony of several witnesses regarding Werth's own confessions and the circumstantial evidence linking him to the murder, it is not likely that additional

-5-

efforts to implicate Salcedo would have changed the jury's verdict. Thus, the California Supreme Court's rejection of Werth's IAC claim was also reasonable under the *Strickland* prejudice prong.

**AFFIRMED.**